IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HAROLD GARDNER,
#09859-025,

Petitioner,

vs.

T. G. WERLICH,

Respondent.                                Case No. 18-cv-01025-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Harold Gardner is currently incarcerated in the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). He brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Relying on the United States Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016), Gardner challenges his conviction and sentence in *United States v. Gardner*, No. 11-cr-30124-DRH-1 (S.D. Ill. 2011). Gardner maintains that he was sentenced as a career offender based on two prior convictions in Missouri for burglary. (Doc. 1, pp. 2, 6, 10-13). According to the Petition, these convictions no longer qualify as predicate offenses that trigger an enhanced sentence in light of *Mathis*. Gardner now asks this Court to resentence him without the career offender enhancement. (Doc. 1, p. 8).

This matter is now before the Court for preliminary review of the § 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United

States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

It is not plainly apparent that the Petition should be dismissed at screening, particularly given the still-developing application of *Mathis* in this context. *See, e.g., United States v. Smith*, 668 F. App'x 653 (7th Cir. 2016) (remanded for resentencing after Government conceded on direct appeal that it was unable to demonstrate that prior Missouri burglary conviction does not qualify as violent felony under Armed Career Criminal Act in light of *Mathis*). *See also Maxey v. United States*, 719 F. App'x 539 (8th Cir. April 20, 2018) (Government conceded on direct appeal that burglary convictions no longer qualify as predicate offenses in light of *Mathis* and *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015)); *United States v. Naylor*, 887 F.3d 397 (8th Cir. April 5, 2018) (prior convictions for second degree burglary did not qualify as "violent felonies" under Armed Career Criminal Act). The Petition survives preliminary review under Rule 4 and Rule 1(b), and a response shall be ordered.

## Disposition

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this order is entered. This

preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.05.17
20:55:58 -05'00'

United States District Judge