IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HAROLD GARDNER, )
No. 09859-025, )
)
Petitioner, )
)
vs. ) Case No. 18-cv-1025-DRH
)
T. G. WERLICH, )
)
Respondent. )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Harold Gardner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging the enhancement of his sentence as a career offender under the United States Sentencing Guidelines (USSG). He relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016), and on case law from the Eighth Circuit holding that the Missouri offense of second-degree burglary no longer qualifies as a "violent felony" for sentence enhancement purposes. (Doc. 1, pp. 11-12; Doc. 11, pp. 3-6). Now before the Court is Respondent's Motion to Dismiss. (Doc. 8). Gardner responded to the motion at Doc. 11. His response is styled as "Petitioner's Motion to Amend."

### Relevant Facts and Procedural History

Gardner entered an open plea of guilty in *United States v. Gardner*, Case No. 11-cr-30124-DRH (S.D Ill. 2011), to distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. 24 in No. 11-cr-30124). That offense

1

carried a statutory maximum penalty of 30 years. This Court determined that Gardner was a career offender, based on two prior convictions: an Illinois burglary of a residence (which Gardner does not challenge herein as a predicate offense), and the Missouri second-degree burglary. Under USSG § 4B1.1(b), this Court found that Gardner's total offense level was 31, and his criminal history category was VI, yielding an advisory guideline range of 188-235 months in prison. On November 1, 2013, this Court sentenced Gardner to 188 months. (Doc. 54 in criminal case).

Gardner did not file a direct appeal. On September 21, 2015, he brought a motion attacking his sentence under 28 U.S.C. § 2255, arguing that he should not be considered a career offender in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Gardner v. United States*, Case No. 15-cv-1037-DRH (S.D. Ill.). On January 29, 2018, that motion was denied pursuant to *Beckles v. United States*, 137 S. Ct. 886 (2017) (advisory sentencing guidelines are not subject to vagueness challenges under the Due Process Clause, thus *Johnson*'s reasoning does not extend to USSG § 4B1.2's residual clause). (Doc. 14 in Case No. 15-cv-1037).

### Grounds for Habeas Relief

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), Gardner asserts that second-degree Missouri burglary does not qualify as a predicate "violent felony," under the retroactive application of *Mathis*. He points to several decisions from the Eastern District of Missouri, including *Holman v. United States*, No. 16-cv-838-CDP, 2017 WL 2438821, at *2 (E.D. Mo. June 6, 2017),

2

which observed that the Missouri statute for second-degree burglary is broader than "generic burglary." (Doc. 1, pp. 10-12). He fleshes out this argument in his response to the motion to dismiss, asserting that the Missouri statute is indivisible, and that the claim he raises was foreclosed to him prior to *Mathis*. (Doc. 11, pp. 3-6). He states that without the career-offender enhancement, his guideline sentence would have been only 51-63 months. (Doc. 11, p. 6).

Gardner urges that the enhancement of his sentence was a "grave miscarriage of justice." (Doc. 1, p. 12).

## Motion to Dismiss

Respondent argues that under *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013), Gardner cannot seek relief in this action under § 2241.

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And,

3

a prisoner is generally limited to only *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir.2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a

4

constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## **Analysis**

A case cited by Gardner in his response, *United States v. Naylor*, 887 F.3d 397, 406-07 (8th Cir. 2018), recently concluded that the Missouri second-degree burglary statute set forth different means of committing the offense (by burgling a building or an "inhabitable structure," which was defined to include vehicles), rather than distinct elements.[1] In a direct appeal from Naylor's sentence imposed pursuant to the Armed Career Criminal Act ("ACCA"), the Eighth Circuit vacated the sentence and remanded for resentencing because Naylor's predicate second-degree burglary convictions were broader than "generic burglary" and did not qualify as "violent felonies" under the ACCA. The merits of Gardner's argument that this rationale should apply in his postconviction challenge to his sentence (which was not imposed pursuant to the ACCA) are questionable.

---

[1] *Mathis* explains that when a statute sets forth different "means" of committing the crime, it is indivisible and courts must apply the "categorical approach" to compare the statute in question with the federal crime. *Mathis v. United States*, 136 S. Ct. 2243, 2248-49; 2257-58 (2016). If the state burglary statute associated with a defendant's prior conviction encompasses conduct that is broader than "generic burglary," then the state burglary conviction cannot be used as a predicate offense for an enhanced sentence under the Armed Career Criminal Act.

However, the Court need not decide the merits of this argument because, as Respondent points out, Gardner cannot bring this *Mathis* claim in a § 2241 petition.

There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. In the Seventh Circuit, a claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013). *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

The Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Gardner was sentenced in 2013, long after *Booker* was decided. He received a sentence that was within the statutory range, well under the 30-year maximum.

Gardner argues strenuously that he could not have brought his claim under § 2255 because the argument he raises was foreclosed to him in the Eighth Circuit until after *Mathis*. (Doc. 11, pp. 5-6). Even if this premise is accepted to

6

meet the second of the *Davenport* criteria, *Hawkins* dictates that an erroneous application of the advisory Guidelines does not amount to a "miscarriage of justice," so long as the sentence is within the applicable statutory limit. Gardner's Petition does not, therefore, meet the criteria to bring his claim within the savings clause of § 2255(e). He does not articulate any convincing reason why the rule set forth in *Hawkins* should not apply to him.

In short, there is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the issue raised by Gardner here: the use of a prior conviction that would allegedly no longer qualify as a predicate conviction for the career offender guideline enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Court succinctly summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had, as in *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916. Under the binding precedent of *Hawkins*, the Petition must be dismissed.

## Disposition

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 8) is **GRANTED**.

Gardner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of Respondent.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.10.16
16:07:29 -05'00'

United States District Judge