IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HAROLD GARDNER,                    )
No. 09859-025,                     )
                                   )
                                   )
    Petitioner,                    )
                                   )
        vs.                        )   Case No. 18-cv-1025-DRH
                                   )
T. G. WERLICH,                     )
                                   )
                                   )
    Respondent.                    )

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

This matter is before the Court on Petitioner Gardner's "Motion to Reconsider Civil Rule 59(e)" (Doc. 17). The motion was received and filed on the Court's docket on November 16, 2018; Petitioner states that he submitted it for mailing on November 15, 2018. (Doc. 17, pp. 1, 6). He seeks reconsideration of the Court's October 17, 2018, order granting Respondent's motion to dismiss the action (Doc. 15). Judgment in this case was also entered on October 17, 2018. (Doc. 16).

1

## **Timeliness of Motion**

Under the prison "mailbox rule," a document filed by a *pro se* prisoner is considered to be "filed" at the moment the inmate delivers it to prison authorities for mailing, rather than on the date it is received by the Court. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (holding that the mailbox rule applies to motions filed pursuant to Rule 59(e), under the reasoning of *Houston v. Lack*, 487 U.S. 266 (1988)). Unfortunately for Petitioner, he has miscalculated the end of the 28-day deadline for filing a Rule 59(e) motion. (Doc. 17, p. 1). The order and judgment he challenges were docketed on October 17, 2018, therefore, the 28th day fell on November 14, 2018, not November 15, as Petitioner claims. The mailbox rule thus does not operate to make Petitioner's declared November 15, 2018, submission date timely.

The only information in the record suggesting that Petitioner may have placed his motion into the mail system on time (on November 14, 2018), is an ink-stamp and handwritten date on the back of his envelope, where a prison worker indicated that "The enclosed letter was processed on 11/14 . . . [and] has neither been opened or reviewed." (Doc. 17, p. 8).[1] In order to "receive the benefit of the mailbox rule," a prisoner should "demonstrate timely filing with a declaration or a notarized statement setting forth the date of deposit into the prison mail system, and attesting that first-class postage has been prepaid." *Lee v. Cnty. of Cook*, 2 F. App'x 571, 573 (7th Cir. 2001). While Petitioner did not mention the postage prepayment or

---

[1] The envelope was postmarked November 15, 2018. (Doc. 17, p. 7).

have his statement notarized, he did represent that his motion was "Respectfully submitted on this 15 day of Nov. 2018."  (Doc. 17, p. 6).  Under these circumstances, Petitioner's declaration of the date of submission is not overcome by the processing-date mark placed on the envelope by an unknown party.

### **Applicable Legal Standards**

Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available.  *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)).  Petitioner's November 15, 2018, submission date for his motion was not timely under Federal Rule of Civil Procedure 59(e).  *See* FED. R. CIV. P. 6(b)(2) (time limit for filing Rule 59(e) motion must not be extended by a court).  A motion to reconsider which is filed more than 28 days after entry of the challenged judgment or order "automatically becomes a Rule 60(b) motion."  *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).  This is the case with the instant motion.

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-

3

day deadline for filing a Rule 59(b) motion. Section (6) of Rule 60(b) also provides that a motion under that section can be granted for "any other reason that justifies relief." However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

## Discussion

On the merits, Petitioner's motion does not present grounds for relief from judgment pursuant to Rule 60(b), nor would relief be available to him if Rule 59(e) were applied. He argues that *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013), should not be applied to his case, since *Hawkins* involved a § 2255 motion, and Petitioner has sought relief under § 2241. (Doc. 17, pp. 3-4). He also attempts to distinguish *Hawkins* from his case, by characterizing *Hawkins* as a "miscalculation of the guidelines case" and his own as a "Plain *Mathis*" claim. These arguments are

4

unavailing.

The avenue for relief from an alleged sentencing error in a § 2241 case is much narrower than under § 2255. The Court properly analyzed the Petition under § 2241 and did not "recharacterize" it as a § 2255 motion, as Petitioner claims. (Doc. 17, p. 3). A § 2241 petitioner must articulate a claim that fits through the narrow gate of the "savings clause" in § 2255(e), as outlined in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). (*See* Doc. 15, pp. 4-5). The third *Davenport* factor – a demonstration that there was a fundamental defect in the sentence that amounts to a miscarriage of justice – was not met by Petitioner in this case, under the Seventh Circuit's decision in *Hawkins*. *Hawkins* was, as Petitioner points out, a § 2255 case, but the *Hawkins* court's finding that no miscarriage of justice occurred when the sentence was determined under the advisory guidelines, and did not exceed the statutory maximum for the offense, is equally applicable to Petitioner's claim under § 2241. Contrary to Petitioner's argument, this Court properly applied the binding precedent in *Hawkins* to this case.

The fact that Petitioner raised a *Mathis* argument does not alter this Court's analysis. (Doc. 17, p. 4). The crux of Petitioner's claim is that in light of *Mathis*, the calculation of his sentencing guideline range as a career offender was incorrect. This points right back to the holding in *Hawkins*.

Finally, Petitioner cites *United States v. Smith*, 668 F. App'x 653 (7th Cir. 2016) and *United States v. Edwards*, 836 F.3d 831 (7th Cir. 2016), both of which involved *Mathis* challenges to career-offender-enhanced sentences. Those cases,

5

however, both involved direct appeals, rather than claims brought through a habeas petition. As such, they do not afford relief to Petitioner in this § 2241 action.

Applying Rule 60(b) to Petitioner's motion, he does not allege that he is entitled to relief based on any of the criteria listed in Rule 60(b)(1) through (5). The Court finds that the "catchall" provision of Rule 60(b)(6) is not applicable. Despite the broad language – "any other reason that justifies relief" – a reprieve from a final judgment under this section "is an extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Whether the circumstances in a given case are "extraordinary" is within the sound discretion of the court. *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997). Nothing in the motion suggests any extraordinary or exceptional circumstances that would justify relief here.

Further, the Court is satisfied that the motion fails to set forth any legal error that would lead to relief if Rule 59(e) were applicable. Accordingly, the motion to reconsider shall be denied.

### Deadline to File Notice of Appeal

Where a party files a *timely* Rule 59(e) motion, or a Rule 60 motion that is filed within 28 days of the entry of judgment, the deadline to file an appeal is suspended, and will start to run from the date of entry of the order disposing of the motion. FED. R. APP. P. 4(a)(4)(A). However, because Petitioner's motion was late (submitted on the 29th day following judgment), the pendency of this motion did

*not* suspend his 60-day time limit for filing a notice of appeal. Therefore, if Petitioner wishes to appeal the dismissal of his habeas Petition, he must file his notice of appeal no later than 60 days after October 17, 2018 (the date judgment was entered). That 60-day deadline will fall on **December 17, 2018**.

## Disposition

Upon review of the record, the Court remains persuaded that its ruling granting Respondent's motion to dismiss the Petition pursuant to *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013) (Doc. 24) was correct. Therefore, the Motion to Reconsider (Doc. 17) is **DENIED**.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the October 17, 2018, entry of judgment (see above). FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

/s/ David R. Herndon

Judge Herndon
2018.12.04
12:30:41 -06'00'

**United States District Judge**